Filed 6/23/21  In re D.S. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re D.S., a Person Coming Under the Juvenile Court Law. | |
| SOLANO COUNTY HEALTH AND SOCIAL SERVICES DEPARTMENT,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>S.S.,<br><br>　　　Defendant and Appellant. | A161496<br><br>(Solano County<br>Super. Ct. No. J44921) |

**MEMORANDUM OPINION**[1]

　　　S.S. (mother) appeals from a disposition order removing D.S. from her physical custody (§ 361, subd. (c)).  While the appeal was pending, the juvenile court returned D.S. to mother's custody under a family maintenance plan.  Because the juvenile court has returned D.S. to mother, we cannot grant mother any effective relief and we dismiss her appeal as moot.

---

　　　[1] We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.  We recite only those facts necessary to resolve the appeal.  Undesignated statutory references are to the Welfare and Institutions Code.

1

## BACKGROUND

D.S. was born in April 2020. A few days later, the Solano County Health and Social Services Department (Department) filed—and later amended—a section 300 petition alleging, among other things, that D.S. was at substantial risk of serious harm if left in mother's care. The court detained D.S., placed her in foster care, and ordered reunification services for mother. Mother submitted to jurisdiction; the court declared D.S. a dependent and continued mother's reunification services.

At the contested disposition hearing, the court found D.S.'s out-of-home placement was necessary and appropriate, that the Department had made reasonable efforts to prevent or eliminate the need to remove D.S. from mother's home, and that returning D.S. to mother was contrary to D.S.'s welfare. The court continued mother's reunification services and set a six-month status review hearing.

Mother appealed. During the pendency of the appeal, the juvenile court held the six-month status review hearing at which it returned D.S. to mother's custody with family maintenance services.

## DISCUSSION

Mother challenges the disposition order removing D.S. from her custody. The Department argues the appeal is moot because the juvenile court returned D.S. to mother at the six-month status review hearing. We agree.

" 'An appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to grant effective relief.' " (*In re D.N.* (2020) 56 Cal.App.5th 741, 757.) Here, we can grant no effective relief because the juvenile court has already returned D.S. to mother's custody. And " ' "[w]hen no effective relief can be granted, an

2

appeal is moot and will be dismissed." ' " (*In re J.A.* (2020) 47 Cal.App.5th 1036, 1050–1051; *In re David H.* (2008) 165 Cal.App.4th 1626, 1633–1634 [return of child to parental custody mooted challenge to detention order].) Mother does not urge us to exercise our discretion to consider this moot appeal. " ' "Issues do not have a life of their own:  if they are not raised or supported by . . . argument or citation to authority, we consider the issues waived." ' " (*Upshaw v. Superior Court* (2018) 22 Cal.App.5th 489, 504, fn. 7.)

## DISPOSITION

The appeal is dismissed as moot.

                                   _____

                                          Rodriguez, J.*

WE CONCUR:


_____
Simons, Acting P. J.


_____
Needham, J.


A161496

---

\* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.